FILED

10 AUG 10 PM 4: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

1   Mia Farber, Esq. (SBN 131467)
    farberm@jacksonlewis.com
2   Chad D. Bernard (SBN 194162)
    bernardc@jacksonlewis.com
3   Philline Parlan, Esq. (SBN 225270)
    parlanp@jacksonlewis.com
4   JACKSON LEWIS, LLP
    725 South Figueroa Street, Suite 2500
5   Los Angeles, California 90017-5408
    Telephone:  (213) 689-0404
6   Facsimile:  (213) 689-0430

7   Attorneys for Defendant
    EQUINOX HOLDINGS, INC.

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  TAMARA EVANS, on behalf of herself, all )   CASE NO.: CV10 5961 GHK (JCx)
    others similarly situated, and the aggrieved )
12  employees under the Labor Code Private )
    Attorneys General Act of 2004,          )
13                                          )   NOTICE OF REMOVAL OF
              Plaintiffs,                   )   ACTION TO THE UNITED STATES
14                                          )   DISTRICT COURT FOR THE
        vs.                                 )   CENTRAL DISTRICT OF
15                                          )   CALIFORNIA PURSUANT TO 28
    EQUINOX HOLDINGS, INC., a Delaware )        U.S.C. §§ 1332, 1441(a) AND (b)
16  corporation; THE EQUINOX GROUP, INC., ) DIVERSITY
    a New York Corporation; EQUINOX       )
17  FITNESS CENTURY CITY, INC., a          )
    California corporation; EQUINOX FITNESS )
18  NEWPORT BEACH, INC., a California     )
    corporation; EQUINOX FITNESS PALO     )
19  ALTO, INC., a California corporation;    )
    EQUINOX FITNESS PALOS VERDES,         )
20  INC., a California corporation; EQUINOX )
    FITNESS PASADENA, INC., a California   )
21  corporation; EQUINOX FITNESS SAN      )
    MATEO, INC., a California corporation;   )
22  EQUINOX FITNESS SANTA MONICA,         )
    INC., a California corporation; EQUINOX )
23  FITNESS SOUTH BAY, INC., a California )
    corporation; EQUINOX FITNESS STUDIO   )
24  CITY, INC., a California corporation;     )
    EQUINOX FITNESS UNION STREET,         )
25  INC., a California corporation; EQUINOX )
    FITNESS WESTWOOD, INC., a California )
26  corporation; EQUINOX FITNESS          )
    WOODLAND HILLS, INC., a California    )
27  corporation; and DOES 1-50, Inclusive,   )
                                            )
28            Defendants.                   )
    _____)

COPY

USDC Case No.:            NOTICE OF REMOVAL OF ACTION TO THE UNITED
                          STATES DISTRICT COURT FOR THE CENTRAL
                          DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
                          §§ 1332, 1441(a) AND (b) DIVERSITY

1  **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT**

2  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3  PLEASE TAKE NOTICE that Defendant EQUINOX HOLDINGS, INC.

4  ("Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections

5  1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a)

6  ("CAFA")), 1441(a) and (b) and 1446, removes the above-entitled action to this Court

7  from the Superior Court of the State of California in and for the County of Los Angeles

8  otherwise referred to as ("State Superior Court").

9  1.   On June 18, 2010, Plaintiff TAMARA EVANS ("Plaintiff") filed a civil

10  complaint against Defendant in the Superior Court of the State of California in and for

11  the County of Los Angeles entitled Tamara Evans vs. Equinox Holdings, Inc. et al., Case

12  No. BC440058 which sets forth the following six (6) causes of action:  (1) Failure to Pay

13  Minimum and Overtime Wages; (2) Failure to Provide Meal and Rest Periods; (3) Failure

14  to Provide Accurate Written Wage Statements; (4) Failure to Pay All Final Wages; (5)

15  Unfair Competition; and (6) Civil Penalties ("Complaint").

16  2.   Defendant first received Plaintiff's Summons and Complaint and related

17  court documents on July 6, 2010.  A copy of the Summons, Complaint and other related

18  court documents received by Defendant is attached as **Exhibit "A."**

19  3.   On July 13, 2010, the Court issued a notice of case management conference.

20  A true and correct copy is attached as **Exhibit "B"**.

21  4.   On August 4, 2010, Plaintiff filed Notices of Dismissal without prejudice as

22  to named Defendants Equinox Fitness Studio City, Inc. and Equinox Fitness Union

23  Street, Inc.  A true and correct copy of the Request of Dismissal is attached as **Exhibit**

24  **"C."**

25  5.   On August 10, 2010, Defendant filed and served its Answer in the Los

26  Angeles County Superior Court.  A true and correct copy of Defendant's Answer is

27  attached as **Exhibit "D."**

28

---

USDC Case No.:             2      NOTICE OF REMOVAL OF ACTION TO THE UNITED
STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
§§ 1332, 1441(a) AND (b) DIVERSITY

6.      On August 10, 2010, Defendants The Equinox Group, Inc., Equinox Fitness Century City, Inc., Equinox Fitness New Port Beach, Inc., Equinox Fitness Palo Alto, Inc., Equinox Fitness Palos Verdes, Inc., Equinox Fitness Pasadena, Inc., Equinox Fitness San Mateo, Inc., Equinox Fitness Santa Monica, Inc., Equinox Fitness South Bay, Inc., Equinox Fitness Westwood, Inc., Equinox Fitness Woodland Hills, Inc., filed and served its Answer in the Los Angeles County Superior Court.  True and correct copies of these Defendants' Answers are attached as **Exhibits "E through O"** respectively.

## TIMELINESS OF REMOVAL

7.      This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

8.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9.      Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil
> action in which the matter in controversy exceeds the sum or
> value of $5,000,000, exclusive of interest and costs, and is a
> class action in which – (A) any member of a class of plaintiffs
> is a citizen of a State different from any defendant.

10.     In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities.  28 U.S.C. § 1332(5).

11.     As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations in the Complaint the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on Plaintiff's own itemization of penalties, and Plaintiff is a citizen of a state different from Defendant.  Furthermore, the Defendant is not a State, State official, or other governmental entity.

## DIVERSITY JURISDICTION

## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. sections 1332(a) and (d))

12.     CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

13.     Citizenship of the parties in this Action is determined by their citizenship status at the Action's commencement.  See Mann v. City of Tucson (9th Cir. 1986) 782 F.2d 790.

14.     Plaintiff at the time of filing of the Complaint Plaintiff alleges she was a resident of the State of California.  See Complaint at ¶ 5.  Further, Defendant is informed and believes Plaintiff is a resident and citizen of the state of California.  Declaration of Matthew Herbert ("Herbert Decl."), ¶¶ 2.

15.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

16.     Defendant, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Delaware or the State of New York within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, with its principal place of business and corporate headquarters located at 895 Broadway, 2nd Floor, New York, NY 10003, where Defendant conducts a predominance of its corporate and business activities. Moreover, none of Defendant's corporate officers are citizens or residents of California. The Hertz Corporation v. Friend, 130 S.Ct. 1181 (2010).  Herbert Decl., ¶¶ 3,4.

17.     Defendant's Board of Directors typically meets at its headquarters in New York, New York.  The Hertz Corporation, supra, 130 S.Ct. 1181.  Herbert Decl.  ¶ 5. Applying the "nerve center" test, New York is the state where Defendant's primary executive, administrative, financial and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities —i.e. the principle place of business of Defendant.

18.     The presence of Doe defendants has no bearing on the diversity with respect to removal.  See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

## AMOUNT IN CONTROVERSY

19.     CAFA, 28 U.S.C. Section 1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.

20.     Without admitting that Plaintiff could recover any damages, Defendant has a good faith belief that the amount in controversy in this action could exceed $5,000,000, exclusive of interest and costs.  Plaintiff specifically states in her Complaint she is informed and believes the ***aggregate claims*** of her defined putative classes is "under the five million dollar ($5,000,000.00) threshold for Federal jurisdiction under the Class Action Fairness Act of 2005.  (See **Exhibit** A, Complaint at ¶ 3.)  However, Plaintiff ultimately requests for the following, unlimited and unspecified amount of relief in the

Prayer of her Complaint on behalf of herself, "and *all others similarly situated* pray[ing] for relief and judgment as follows: . . . *D. Damages; E. Liquidated damages; F. Restitution; . . . I. Civil penalties; F. Statutory penalties;* K. Prejudgment interest; L. Costs of suit; *M. Reasonable attorneys fees*. . ."  (Emphasis added.)  (See **Exhibit A**, Complaint at p. 22:5-20.)

21.   In determining whether the amount in controversy exceeds $5,000,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing, Burns v. Windsor Ins. Co. (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and Angus v. Shiley Inc. (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").   The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F.3d 837, 843, n.1, citing, Willingham v. Morgan (1969) 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 23 L.Ed.2d 396.

22.   Indeed, Plaintiff further pleads in her Complaint that she, and the alleged respective putative classes, are specifically entitled to penalties[1] pursuant to Labor Code Section 203[2], seeking a penalty of up to 30 days wages for failure to pay all unpaid wages at termination.  (See **Exhibit A** at ¶¶ 92, 97.)

---

[1] Brady v. Mercedes-Benz USA, Inc. (N.D. Cal. 2002) 243 F.Supp.2d 1004, 1009 (penalties under California's Song-Berly Consumer Warranty Act may be counted in determining the amount in controversy); Clark v. Nat'l Travelers Life Ins. Co. (6th Cir. 1975) 518 F.2d 1167, 1168 ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.")

[2] Defendant denies the validity and merit of all of Plaintiff's claims, including the amount claimed, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, and uses Plaintiff's alleged theories of recovery of penalties to illustrate the amount in controversy is more probable than not to exceed $5,000,000.

23.     Although the Complaint does not specify the dollar amount of penalties being sought, Defendant has a reasonable good faith belief that Plaintiff seeks penalties in excess of $5,000,000 and within the jurisdictional requirements of this Court.  As set forth below, even based on Plaintiff's alleged violations of Labor Code section 203 penalties alone, the aggregated claims exceed $5,000,000:

| Claimed Penalty by Plaintiff | Putative Class and estimated number of Class Members as alleged by Plaintiff | Estimated violations based on Plaintiff's alleged theory (including alleged putative class) | Estimated Total amount of claim as alleged by Plaintiff on behalf of alleged putative class(es) |
|---|---|---|---|
| Labor Code section 203 penalties of 30 days wages (See Labor Code §203) | Former Employee Class[3], which includes Former Employee Three Year-Subclass[4] and Former Employee One Year-Class[5] = over 3600[6] as of July 1, 2010. | Over **3600 putative members** would be entitled to **30 days wages at the lowest applicable minimum wage rate**[7] paid during the class period as defined by Plaintiff. | Based on Plaintiff's allegations of violations based on Labor Code Section 203 and the alleged putative class of approx. 3600 (**based on the $6.75 hourly rate x 8 hours per day x 30 days ): $5,843,000.00** |

24.     Additionally, Plaintiff's Complaint seeks an unspecific amount of attorneys' fees in connection with the causes of action set forth in their Complaint, including

[3] "**All persons** employed by Defendants in California . . . . who, during the time period beginning four years before the filing of this action and ending when final judgment is entered" were not paid unpaid wages at the time of discharge within the meaning set forth in Labor Code section 203.  (Emphasis added.)(See Complaint at ¶23.)

[4] "All Former Employee Class members whose employment with Defendants ended during the period beginning three years before the filing of this action and ending on the date final judgment is entered.  (See Complaint at ¶23.)

[5] "All Former Employee Class members whose employment with Defendants ended during the period beginning one year before the filing of this action and ending on the date final judgment is entered.  (See Complaint at ¶23.)
[6] See Herbert Decl., at ¶ 6.
[7] The California minimum wage for first six months of the class period (June 2006-Dececember 2006) was $6.75 an hour.  However, the minimum wage rate was raised to $7.50 an hour on January 1, 2007 and raised again to $8.00 an hour on January 1, 2008.  To provide Plaintiff and the putative class the lowest possible minimum wage rate for the calculation of the penalties above, Defendant only applies the $6.75 an hour minimum wage rate. See California Department of Industrial Relations History of California Minimum Wage Chart.

1    violations of Labor Code Sections 203, 226, and 2699. *See* Complaint, Prayer at

2    ¶¶ 22:20. In determining whether a complaint meets the amount in controversy threshold

3    for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of

4    claims for compensatory damages and attorney's fees. See *e.g.*, Goldberg v. CPC Int'l,

5    Inc. 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's

6    fees may be taken into account to determine jurisdictional amount). The amount in

7    controversy may include attorney's fees which are recoverable by statute. Galt G/S v.

8    JSS Scandinavia (9th Cir. 1998) 142 F.3d 1150, 1155-1156. The Court may examine the

9    nature of the action and the relief sought and take judicial notice of attorney's fee awards

10   in similar cases. See, *e.g.*, Simmons v. PCR Technology (N.D. Cal. 2002) 209 F.Supp.2d

11   1029, 1035 (noting that attorneys' fees in individual employment discrimination cases

12   often exceed damages).

13           25.    Furthermore, such fees are calculable beyond the time of removal. Simmons

14   v. PCR Technology, 209 F.Supp.2d at 1035. Assuming for purposes of this analysis only

15   that the amount of attorneys' fees at issue in this matter amounted to 25% of the penalties

16   set forth above, the amount of these fees could exceed **$1,458,000**. Therefore, the

17   aggregate claimed penalties by Plaintiff including attorneys fees (TOTAL PENALTIES +

18   25% TOTAL PENALTIES) is **$7,301,000** and exceeds the amount in controversy.

19
20                                    **NUMEROSITY**

21           26.    CAFA also provides that the district courts shall not have jurisdiction over

22   actions where "the number of members of all proposed plaintiff classes in the aggregate

23   is less than 100." 28 U.S.C. § 1332(d)(5).

24           27.    However, Plaintiff alleged in her Complaint, five putative class and/or

25   subclasses:   (1) Personal Trainer Class, (2) Former Employee Class, (3) Former

26   Employee Three-Year Subclass, (4) Former Employee One-Year Subclass, and (5) UCL

27   Class, which based on Plaintiff's definition exceed 100 members. See Herbert Decl., at ¶

28

---

USDC Case No.:                          8        NOTICE OF REMOVAL OF ACTION TO THE UNITED
                                                 STATES DISTRICT COURT FOR THE CENTRAL
                                                 DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
                                                 §§ 1332, 1441(a) AND (b) DIVERSITY

1 | 7. (See **Exhibit** A, Complaint at ¶ 23.)  As such, this Court properly has jurisdiction over
2 | this matter, as the classes proposed by Plaintiff contain in excess of 100 members.

### CONSENT OF ALL OTHER DEFENDANTS

5 | 28.    All named Defendants consent to the removal of this action to Federal Court.

### VENUE IS PROPER

7 | 29.    Venue lies in the United States District Court for the Central District of
8 | California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed
9 | in this district and Defendant is subject to personal jurisdiction in the Central District of
10 | California.

11 |     WHEREFORE, Defendant removes the above-entitled action now pending in the
12 | Superior Court of the State of California for the County of Los Angeles to this Court.

Respectfully submitted,

Dated:  August 10, 2010        JACKSON LEWIS LLP



By:  _____
     Mia Farber
     Chad D. Bernard
     Philline Parlan

     Attorneys for Defendant
     EQUINOX HOLDINGS, INC.

# EXHIBIT A

1   David Spivak (SBN 179684)
    david@spivaklaw.com
2   THE SPIVAK LAW FIRM
    9454 Wilshire Boulevard, Suite 303
    Beverly Hills, California 90212
    Tel: (310) 499-4730, Fax: (310) 499-4739
    (Additional Counsel on Following Page)

    Attorneys for Plaintiff,
    TAMARA EVANS

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 18 2010

JOHN A. CLARKE, CLERK
BY B.M. SWAIN, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
### *(UNLIMITED JURISDICTION)*

|  |  |
|---|---|
| TAMARA EVANS, on behalf of herself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; THE EQUINOX GROUP, INC., a New York Corporation; EQUINOX FITNESS CENTURY CITY, INC., a California corporation; EQUINOX FITNESS NEWPORT BEACH, INC., a California corporation; EQUINOX FITNESS PALO ALTO, INC., a California corporation; EQUINOX FITNESS PALOS VERDES, INC., a California corporation; EQUINOX FITNESS PASADENA, INC., a California corporation; EQUINOX FITNESS SAN MATEO, INC., a California corporation; EQUINOX FITNESS SANTA MONICA, INC., a California corporation; and (ADDITIONAL DEFENDANTS ON FOLLOWING PAGE)<br><br>    *Defendants.* | Case No.  **BC440058**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1. Failure to Pay Minimum and Overtime Wages (Lab. Code §§ 204, 223, 510, 1194, 1194.2, 1197,1197.1, and 1198);<br>2. Failure to Provide Meal and Rest Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>3. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and<br>6. Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

1

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Shaun Setareh (SBN 204514)
 setarehlaw@sbcglobal.net
Hayley Schwartzkopf (SBN 265131)
 hayley.setarehlaw@sbcglobal.net
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California  90212
Tel:  (310) 888-7771, Fax:  (310) 888-0109

Louis Benowitz (SBN 262300)
 louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Tel:  (310) 888-7771, Fax:  (310) 888-0109

## ADDITIONAL DEFENDANTS

EQUINOX FITNESS SOUTH BAY, INC., a California corporation;

EQUINOX FITNESS STUDIO CITY, INC., a California corporation;

EQUINOX FITNESS UNION STREET, INC., a California corporation;

EQUINOX FITNESS WESTWOOD, INC., a California corporation;

EQUINOX FITNESS WOODLAND HILLS, INC., a California corporation; and

DOES 1-50, inclusive.

2

*Evans v. Equinox Holdings, Inc., et al.*                                    *Class Action Complaint*

A-11

Plaintiff Tamara Evans (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff and class members are, or have been, jointly employed the series of known and potentially unknown related entities that own and/or operate Equinox Fitness Club locations in California (collectively "Equinox" or "Defendants"). Plaintiff alleges that Defendants, as matters of policy and practice, pressure employees in "Personal Trainer" and/or other similar positions to perform off the clock work by paying them for only a small portion of the time they work while expecting them to work additional and unrecorded "off-the-clock" without any guaranteed compensation to market products and services to clients at Defendants' behest. As a result of these and other policies and practices, Plaintiff alleges that Defendants have failed to pay her and class members for all hours worked, and have violated the minimum wage, overtime, meal and rest period, and recordkeeping requirements of the Labor Code and applicable Industrial Welfare Commission order, and have failed to timely pay former employees all of their earned and unpaid wages after separation of employment. Accordingly, Plaintiff now brings this action on behalf of herself, all others similarly situated, and the general public under the Labor Code Private Attorneys General Act of 2004.

## JURISDICTION AND VENUE

2.      The California Superior Court has jurisdiction in this matter because Plaintiff is and believes that the monetary damages, restitution, and penalties sought herein for Defendants' violations of Labor Code Sections 201, 202, 203, 204, 208, 223, 226.7, 510, 512, 1194, 1194.3, 1197, 1197.1, 1198, and 2698, et seq., and Business and Professions Code Sections 17200, et seq., exceed the minimal jurisdictional limits of the Superior Court.

3.      Plaintiff is informed and believes that the individual claims of the below-defined class and subclass members are under the seventy-five thousand dollar ($75,000.00) threshold for Federal diversity jurisdiction and the aggregate claim is under the five million dollar ($5,000,000.00) threshold for Federal jurisdiction under the Class Action Fairness Act of 2005.

3

A-12

1   Further, there is no federal question at issue, as the issues herein are based solely on California law.

2        4.    Venue is proper in Los Angeles County pursuant to Code of Civil Procedure

3   Sections 395(a) and 395.5 in that liability arose in Los Angeles because at least some of the

4   transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

5   found, maintains offices, transacts business, and/or has an agent therein.

6   **PARTIES**

7        5.    Plaintiff Tamara Evans is an individual who was employed by Defendants in

8   California in the position of "Personal Trainer" at the Equinox Fitness Club in Woodland Hills,

9   California between September 2009 and November 2009.

10        6.    Class members are individuals who are or were employed by Defendants in

11   California during the applicable limitations periods.

12        7.    Plaintiff is informed and believes that defendant Equinox Holdings, Inc. is a

13   corporation organized under the laws of Delaware.

14        8.    Plaintiff is informed and believes that defendant The Equinox Group, Inc. is a

15   corporation organized under the laws of New York.

16        9.    Plaintiff is informed and believes that defendant Equinox Fitness Century City,

17   Inc. is a corporation organized under the laws of California.

18        10.    Plaintiff is informed and believes that defendant Equinox Fitness Newport

19   Beach, Inc. is a corporation organized under the laws of California.

20        11.    Plaintiff is informed and believes that defendant Equinox Fitness Palo Alto, Inc.

21   is a corporation organized under the laws of California.

22        12.    Plaintiff is informed and believes that defendant Equinox Fitness Palos Verdes,

23   Inc. is a corporation organized under the laws of California.

24        13.    Plaintiff is informed and believes that defendant Equinox Fitness Pasadena, Inc.

25   is a corporation organized under the laws of California.

26        14.    Plaintiff is informed and believes that defendant Equinox Fitness San Mateo, Inc.

27   is a corporation organized under the laws of California.

28   //

4

A-13

15.     Plaintiff is informed and believes that defendant Equinox Fitness Santa Monica, Inc. is a corporation organized under the laws of California.

16.     Plaintiff is informed and believes that defendant Equinox Fitness South Bay, Inc. is a corporation organized under the laws of California.

17.     Plaintiff is informed and believes that defendant Equinox Fitness Studio City, Inc. is a corporation organized under the laws of California.

18.     Plaintiff is informed and believes that defendant Equinox Fitness Union Street, Inc. is a corporation organized under the laws of California.

19.     Plaintiff is informed and believes that defendant Equinox Fitness Westwood, Inc. is a corporation organized under the laws of California.

20.     Plaintiff is informed and believes that defendant Equinox Fitness Woodland Hills, Inc. is a corporation organized under the laws of California.

21.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

22.     Plaintiff is informed and believes that each of the defendants acted in all respects pertinent to this action as the agent or employee of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and therefore the acts of each of the defendants are legally attributable to the other defendants. Defendants in all respects acted as the employer and/or joint employer of Plaintiff and class members.

//

//

//

//

//

//

5

A-14

## CLASS ALLEGATIONS

23.   Plaintiff brings this action on behalf of both herself and all others similarly situated as a class action pursuant to Code of Civil Procedure Section 382. The class and subclass members are defined as follows:

**Personal Trainer Class:** All persons employed by Defendants in California as "Personal Trainers," and/or in other positions with similar job titles, descriptions, duties, and/or compensation arrangements, during the time period beginning four years before the filing of this action and ending when final judgment is entered.

**Former Employee Class:** All persons employed by Defendants in California, including, but not limited to, **Personal Trainer Class** members, who, during the time period beginning four years before the filing of this action and ending when final judgment is entered, either: a) were discharged from Defendants' employment and not paid all of their earned and unpaid wages at or before the time of discharge; b) quit Defendants' employment after giving at least 72 hours-notice and were not paid all of their earned and unpaid wages at the time of quitting; or c) quit Defendants' employment without giving at least 72 hours-notice and were not paid all of their earned and unpaid wages within 72 hours of giving notice of quitting to Defendants.

**Former Employee Three-Year Subclass:** All **Former Employee Class** members whose employment with Defendants ended during the period beginning three years before the filing of this action and ending on the date final judgment is entered.

**Former Employee One-Year Subclass:** All **Former Employee Class** members who separated from Defendants' employment during the period beginning one year before the filing of this action and ending on the date final judgment is entered.

**UCL Class:** All members of one or more of the following classes or subclasses: **Personal Trainer Class, Former Employee Three-Year Subclass,** and/or **Former Employee One-Year Subclass.**

24.   This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined above.

6

A-15

25. Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

26. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this case as a class action.

27. The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes and that the actual number of class members exceeds the minimum number required for numerosity under California law.

28. Plaintiff and class members share common questions of law and fact that predominate over any questions which affect only individual class members. These questions include, but are not limited to:

    A. Have Defendants maintained a policy or practice of instructing or encouraging **Personal Trainer Class** members to work unrecorded off-the-clock hours to market Defendants' products and services to Defendants' clients?

    B. Have Defendants engaged in a policy or practice of not paying **Personal Trainer Class** members for unrecorded time spent marketing products and services to Defendants' clients during unrecorded hours?

    C. Have Defendants failed to provide meal and rest periods to **Personal Trainer Class** members by maintaining policies or practices that pressure them to work as much as possible to earn incentive-based compensation and be paid for their time?

    D. Have Defendants failed to pay minimum, overtime, and/or premium wages to **Personal Trainer Class** members?

    E. Are **Personal Trainer Class** members entitled to recover earned and unpaid wages for Defendants' alleged Labor Code violations?

7

A-16

F.   Have Defendants intentionally failed to provide accurate written wage statements to **Personal Trainer Class** members by instructing them to market products and services to Defendants' clients during unrecorded and unpaid hours?

G.   Have Defendants willfully failed to timely pay earned and unpaid wages to **Former Employee Class** and related subclass members?

H.   Are **Former Employee Class** and related subclass members entitled to continuations of wages under Labor Code Section 203?

I.   Is there money or property that Defendants may have acquired from **UCL Class** members through of alleged Labor Code violations?

J.   Are **UCL Class** members entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations?

29.   Plaintiff's claims are typical of the class members' claims. Plaintiff is informed and believes that Defendants have devised, maintained and applied policies and practices that violate the Labor and Business and Professions Codes as alleged herein.

30.   Plaintiff will fairly and adequately represent and protect the interests of class members. Plaintiff has no interests adverse to the interests of the class members. In addition, Plaintiff is represented by counsel experienced in wage and hour class action cases.

31.   A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the

8

*A-17*

potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES

### (Lab. Code §§ 204, 223, 510, 1194, 1194.2, 1197, 1197.1, and 1198)

### (By Plaintiff and the Personal Trainer Class)

32.   Plaintiff incorporates paragraphs 1 through 31 above as if fully alleged herein.

33.   At all relevant times, Defendants have employed Plaintiff and **Personal Trainer Class** members as non-exempt employees in the "Personal Service Industry," entitling them to the full protections of both the Labor Code and Industrial Welfare Commission Order No. 2-2001 (hereafter "the Wage Order").

34.   At all relevant times, Plaintiff was not subject to the overtime exemption for commissioned employees under Section 3(D) of Industrial Welfare Commission Order No. 7-2001 on the grounds that her earnings were less than one and one-half times the minimum wage and less than one half of her compensation consisted of commissions.

35.   Plaintiff is informed and believes that, at all relevant times, **Personal Trainer Class** members have not been subject to the overtime exemption for commissioned employees under Section 3(D) of Industrial Welfare Commission Order No. 7-2001 on the grounds that their earnings have been less than one and one-half times the minimum wage and/or that less than one half of their compensation has consisted of commissions.

36.   Labor Code Section 1194 entitles non-exempt employees to legal minimum and overtime wages, notwithstanding any contrary agreements.

37.   Labor Code Section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

38.   Labor Code Section 1197 and Section 4 of the Wage Order require employers to pay non-exempt employees no less than the applicable minimum wage for all hours worked during a payroll period.

9

A-18

39.   Labor Code Section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

40.   Labor Code Section 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

41.   Labor Code Section 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

42.   California law requires employers to pay non-exempt employees for all hours worked, including, but not limited to, hours worked "off the clock" that employers either know or reasonably should know that employees are working.

43.   Labor Code Section 1198 prohibits employers from employing their employees under conditions prohibited by applicable Industrial Welfare Commission orders.

44.   Labor Code Section 223 makes it unlawful for employers to secretly pay their employees lower wages than designated by contract or statute while purporting to pay wages at the legally required rates.

45.   Labor Code Section 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Personal Trainer Class** members with respect to working conditions and compensation arrangements.

46.   At all relevant times, Defendants only scheduled and paid Plaintiff for a small

10

A-19

1    number of recorded "on the floor" hours per week.

2       47.    Plaintiff is informed and believes that, at all relevant times and as a matter of

3    policy and practice, Defendants have only scheduled and paid **Personal Trainer Class**

4    members for small numbers of recorded "on the floor" hours per week.

5       48.    At all relevant times, Defendants instructed and encouraged Plaintiff to spend

6    unrecorded "off-the-clock" hours at Defendants' facilities for the primary purpose of marketing

7    products and services to Defendants' clients.

8       49.    Plaintiff is informed and believes that, at all relevant times and as a matter of

9    policy or practice, Defendants have instructed and/or encouraged **Personal Trainer Class**

10    members to spend unrecorded "off-the-clock" hours at Defendants' facilities primarily to

11    market personal training sessions and other products and services to Defendants' clients.

12       50.    At all relevant times, Defendants only paid Plaintiff for her efforts during "off-

13    the-clock" hours to the extent her efforts yielded incentive-based compensation from sales of

14    personal training sessions and other products and services to Defendants' clients.

15       51.    At all relevant times, Defendants directed Plaintiff to wear Equinox logo clothing

16    while at their facilities, regardless of whether Defendants paid her for her time.

17       52.    Plaintiff is informed and believes that, at all relevant times and as a matter of

18    policy and practice, Defendants have directed **Personal Trainer Class** members to wear

19    Equinox logo clothing, regardless of whether Defendants paid them for their time.

20       53.    Plaintiff is informed and believes that, at all relevant times, Defendants have

21    only paid **Personal Trainer Class** members for their efforts during "off-the-clock" hours to the

22    extent their efforts have yielded incentive-based compensation from sales of personal training

23    sessions and other products and services to Defendants' clients.

24       54.    At all relevant times, Plaintiff worked unrecorded "off-the-clock" hours at

25    Defendants' facilities, including, but not limited to, hours that placed her total hours worked in

26    excess of eight hours in one workday and forty hours in one workweek, primarily marketing

27    personal training sessions and other products and services to Defendants' clients.

28       55.    Plaintiff is informed and believes that, at all relevant times, **Personal Trainer**

11

A-20

1   Class members worked unrecorded "off-the-clock" hours at Defendants' facilities, including,
2   but not limited to, hours worked in excess of eight hours in one workday, forty hours in one
3   workweek, and/or on a seventh consecutive workday, marketing personal training sessions and
4   other products and services to Defendants' clients.

5   56.     As described on Defendants' website, an "Equifit" is a "one hour health and
6   fitness assessment" that is "essential for designing a goal oriented program specific to [a
7   client's] individual needs." (http://www.equinox.com/PersonalTraining/EquifitOnline.aspx).

8   57.     At all relevant times, Defendants' instructed and encouraged Plaintiff to perform
9   free "Equifits" during unrecorded "off-the-clock" hours as one means of marketing personal
10   training sessions to Defendants' clients.

11   58.     At all relevant times, Plaintiff performed free "Equifits" during unrecorded "off-
12   the-clock" hours.

13   59.     Plaintiff is informed and believes that, at all relevant times, Defendants have
14   instructed and/or encouraged **Personal Trainer Class** members to perform free "Equifits"
15   during unrecorded "off-the-clock" hours.

16   60.     Plaintiff is informed and believes that, at all relevant times, **Personal Trainer**
17   **Class** members performed free "Equifits" during unrecorded "off-the-clock" hours.

18   61.     At all relevant times, Defendants failed to pay Plaintiff straight time and
19   overtime wages at legal rates by only paying her for recorded "on the floor" hours and for
20   incentive-based compensation without regard to the actual number of hours that Defendants
21   knew, or should have known, she had been working.

22   62.     Plaintiff is informed and believes that, at all relevant times, Defendants have
23   failed to pay wages to **Personal Trainer Class** members by only paying them wages for
24   recorded "on the floor" hours and for incentive-based compensation without regard to the actual
25   number of hours that Defendants have known, or should have known, they have been working.

26   ///
27   ///
28   ///



63.     As a result of their wage and hour practices, Defendants have failed to pay straight time and overtime wages to Plaintiff at either agreed-upon rates or at the minimum legal rates under Sections 3 and 4 of the Wage Order for one or more pay periods during the applicable limitations period.

64.     Plaintiff is informed and believes that, as a result of their wage and hour practices, Defendants have failed to pay straight time and overtime wages to **Personal Trainer Class** members at either agreed-upon rates or at the minimum legal rates under Sections 3 and 4 of the Wage Order for one or more pay periods during the applicable limitations period.

65.     Pursuant to Labor Code Sections 204, 223, 1194 and 1194.2, Plaintiff, on behalf of herself and **Personal Trainer Class** members, seeks unpaid straight time and overtime wages, interest thereon, liquidated damages, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (By Plaintiff and the Personal Trainer Class)

66.     Plaintiff incorporates paragraphs 1 through 65 above as if fully alleged herein.

67.     Labor Code Section 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of no less than thirty minutes for each work period of five or more hours, including two uninterrupted, duty-free, meal periods of no less than thirty minutes for each work period of more than ten hours.

68.     Section 12 of the Wage Order imposes an affirmative obligation on employers to provide non-exempt employees with rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

///
///
///

13

A-22

69.     Labor Code Section 226.7 and Sections 11 and 12 of the Wage Order prohibit employers from requiring employees to work during required rest or meal periods and require employers to pay non-exempt employees an additional hour of wages at their respective regular rates of pay on each workday that the required meal or rest period is not provided.

70.     Labor Code Section 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

71.     Labor Code Section 223 makes it unlawful for employers to secretly pay their employees lower wages than designated by contract or statute while purporting to pay wages at the legally required rates.

72.     Labor Code Section 1198 prohibits employers from employing their employees under conditions prohibited by applicable Industrial Welfare Commission orders.

73.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Personal Trainer Class** members with respect to working conditions and compensation arrangements.

74.     At all relevant times, Defendants have failed to provide Plaintiff with a net rest period of at least ten minutes for each four hour work period, or major portion thereof, and have failed to provide her with an uninterrupted meal period of at least thirty minutes for each work period of five or more hours, and have failed to pay her additional hours of wages at her regular rate of pay on workdays they failed to provide her with the required meal or rest period.

75.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Personal Trainer Class** members with net rest period of at least ten minutes for each four hour work period, or major portion thereof, and have failed to provide them with uninterrupted meal periods of at least thirty minutes for each work period of five or more hours, and have failed to pay them additional hours of wages at their respective regular rates of pay on workdays they failed to provide them with the required meal or rest periods.

//

14

A-23

76.   Plaintiff is informed and believes that Defendants failures to provide her and **Personal Trainer Class** members with all required meal and rest periods result, in part, from policies and practices that lack adequate safeguards to ensure that employees are relieved of their duties for all required meal and rest periods and paid additional wages when required meal and rest periods are not provided.

77.   Plaintiff is informed and believes that Defendants failures to provide her and **Personal Trainer Class** members with all required meal and rest periods also result, in part, from policies and practices that pressure them to spend as much time working as possible to earn incentive-based compensation or risk not being paid anything for most of their time.

78.   Pursuant to Labor Code Sections 218.6 and 226.7, Plaintiff, on behalf of herself and **Personal Trainer Class** members, seeks unpaid wages and interest thereon for Defendants' alleged failures to provide meal and rest periods in amounts subject to proof.

79.   Pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Personal Trainer Class** members, seeks awards of reasonable costs and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE WRITTEN STATEMENTS

### (Lab. Code § 226(a))

### (By Plaintiff and the Personal Trainer Class)

80.   Plaintiff incorporates paragraphs 1 through 77 above as if fully alleged herein.

81.   Labor Code Section 226(a) requires employers to furnish employees with accurate itemized wage statements, either semimonthly or at the time of each payment of wages, showing, among other things, the total hours worked by the employee, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each rate by the employees, the deductions made from the employee's wages, and the gross and net wages earned by the employee.

//
//
//

15

A-24

82.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants have applied centrally devised payroll policies and practices when paying wages to her and **Personal Trainer Class** members.

83.    During the applicable limitations period, Defendants failed to provide Plaintiff with accurate written wage statements by providing her with wage statements with inaccurate entries for her total hours worked and total wages actual hours worked and total wages as a result of not recording all of her hours worked and not paying her earned minimum, overtime, and meal and rest period premium wages.

84.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants have failed to provide **Personal Trainer Class** members with accurate written wage statements by providing them with wage statements with inaccurate entries for their total hours worked and total wages as a result of not recording all of their hours worked and not paying them earned minimum, overtime, and meal and rest period premium wages.

85.    Plaintiff is informed and believes that Defendants' failures to provide her and **Personal Trainer Class** members with accurate wage statements have been knowing and intentional. Defendants had the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to be inaccurate as a result of not recording all of their hours worked and not paying them earned minimum, overtime, and meal and rest period premium wages.

86.    Plaintiff and **Personal Trainer Class** members have suffered injuries. Their legal rights to receive accurate wage statements have been violated and they have been misled about the amount of wages they have actually earned. In addition, the absence of accurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

//

16

87.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and Personal Trainer Class members , seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (By Plaintiff, the Former Employee Class, the Former Employee Three-Year Subclass, and the Former Employee One-Year Subclass)

88.    Plaintiff incorporates paragraphs 1 through 87 above as if fully alleged herein.

89.    Labor Code Section 201 provides that all of the earned and unpaid wages of a discharged employee become due and payable immediately at the time of discharge.

90.    Labor Code Section 202 provides that an employee who quits after giving at least 72 hours-notice of his or her intention to quit is entitled to all of his or her earned and unpaid wages at the time of quitting.

91.    Labor Code Section 202 also provides that an employee who quits after giving less than 72 hours-notice of his or her intention to quit is entitled to all of his or her earned and unpaid wages within 72 hours of quitting.

92.    Labor Code Section 203 provides that an employee's wages shall continue on a daily basis, until all wages are paid, for up to a maximum of 30 days where an employer willfully fails to timely pay the employee all of his or her earned and unpaid wages in accordance with Labor Code Section 201 or Labor Code Section 202.

93.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants have applied centrally devised payroll policies and practices when paying wages to her and Former Employee Class, Former Employee Three-Year Subclass and Former Employee One-Year Subclass members.

17

A-26

94.    During the applicable limitations period, Defendants discharged Plaintiff and failed to immediately pay her all of her earned and unpaid wages by failing to furnish her with any final paycheck and by failing to furnish her with a final paycheck encompassing all of her earned and unpaid wages as a result of their failures to pay her minimum, overtime, and meal and rest period premium wages.

95.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Former Employee Class, Former Employee Three-Year Subclass** and **Former Employee One-Year Subclass** members all of their earned and unpaid wages in accordance with Labor Code Section 201 or Labor Code Section 202 by failing to timely furnish them with any final paychecks and/or by failing to timely furnish them with final paychecks encompassing all of their earned and unpaid wages as a result of their failures to pay minimum, overtime, and meal and rest period premium wages.

96.    Plaintiff is informed and believes that Defendants have the ability to timely pay all earned and unpaid wages to **Former Employee Class, Former Employee Three-Year Subclass** and **Former Employee One-Year Subclass** members but have willfully adopted centrally devised policies and practices that result in late and/or incomplete final wage payments that violate Labor Code Section 201 or Labor Code Section 202 and, as a result, have willfully failed to timely pay all earned and unpaid wages to their former employees.

97.    Pursuant to Labor Code Section 203, Plaintiff, on behalf of herself and **Former Employee Class, Former Employee Three-Year Subclass** and **Former Employee One-Year Subclass** members, seeks continuations of their wages from the days that all of their earned and unpaid wages first became due until all of their earned and unpaid wages are or were actually paid, for up to a maximum of 30 days, in amounts subject to proof.

98.    Pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Former Employee Class, Former Employee Three-Year Subclass** and **Former Employee One-Year Subclass** members, seeks awards of reasonable costs and attorneys' fees.

//

A-27

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and the UCL Class)

99.    Plaintiff incorporates paragraphs 1 through 98 above as if fully alleged herein.

100.    Business and Professions Code Sections 17203-17204 authorize a person who has suffered an injury in fact and lost money or property as a result of unfair competition who meets the requirements of Code of Civil Procedure Section 382 to maintain a class action for restitution on his or her own behalf and on behalf of others from whom the same defendant may have acquired money or property through unfair competition.

101.    Through their alleged violations of the Labor Code and the Wage Order, Defendants have engaged in unfair and unlawful conduct that amounts to and constitutes unfair competition under Business and Professions Code Sections 17200, *et seq.*, and have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code and the Wage Order.

102.    Plaintiff has suffered injuries in fact and lost money or property as a result of Defendants' unfair competition by wrongfully retaining her earned and unpaid minimum, overtime, meal and rest period premium, and continuation wages, and concealing the actual amounts of earned and unpaid wages wrongfully retained by intentionally failing to provide accurate written wage statements.

103.    Plaintiff is informed and believes that Defendants may have acquired money or property from **UCL Class** members by wrongfully retaining their earned and unpaid minimum, overtime, meal and rest period premium, and continuation wages, and concealing the actual amounts of earned and unpaid wages wrongfully retained by intentionally failing to provide accurate written wage statements.

104.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seeks to recover all money or property that Defendants may have acquired through unfair competition as alleged herein.

19

*A-28*

105.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **UCL Class** members, seeks awards of reasonable costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

106.   Plaintiff incorporates paragraphs 1 through 105 above as if fully alleged herein.

107.   During the applicable limitations period, Defendants have violated Labor Code Sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, and 1198.

108.   Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees and the general public, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure Section 382.

109.   Plaintiff, as an employee against whom Defendants committed one or more alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code Section 2699(c).

110.   Pursuant to Labor Code Sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code Sections, 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, and 1198 :

      A.   For violations of Labor Code Sections 201, 202, 203, 226.7, 1194, 1197, and 1198, $100.00 for each employee per pay period for each initial violation and $200.00 for each employee per pay period for each subsequent violation (penalty amounts established by Labor Code Section 2699(f)(2));

      B.   For violations of Labor Code Section 204, $100.00 for each employee for each initial violation, and $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent

A-29

violation (penalty amounts established by Labor Code Section 210);

C.   For violations of Labor Code Section 223, $100.00 for each employee for each initial violation that was neither willful nor intentional, $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether it was willful or intentional (penalty amounts established by Labor Code Section 225.5);

D.   For violations of Labor Code Section 226(a), if this action is deemed to be an initial citation, $250.00 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1000.00 for each employee for each violation (penalty amounts established by Labor Code Section 226.3);

E.   For violations of Labor Code Sections 510 and 512, $50.00 for each employee for each initial pay period for which the employee was underpaid, and $100.00 for each employee for each subsequent pay period for which the employee was underpaid (penalty amounts established by Labor Code Section 558); and

F.   For violations of Labor Code Section 1197.1, $100.00 for each employee for each initial and intentional violation, and $250.00 for each subsequent violation, regardless of whether the initial violation was intentionally committed (penalty amounts established by Labor Code Section 1197.1).

111.   Plaintiff is in the process of complying with the procedures for bringing suit specified in Labor Code Section 2699.3. By letter dated June 16, 2010, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff anticipates that the

21

A-30

LWDA will inform her that it does not intend to investigate the alleged violations by the time that final judgment is entered in this action.

112.   Pursuant to Labor Code Section 2699(g), Plaintiff seeks awards of reasonable costs and attorney's fees in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a class action;

B.   An order that Plaintiff be appointed class representative;

C.   An order that counsel for Plaintiff be appointed class counsel;

D.   Damages;

E.   Liquidated damages;

F.   Restitution;

G.   Declaratory relief;

H.   Injunctive relief;

I.   Civil penalties;

J.   Statutory penalties;

K.   Pre-judgment interest;

L.   Costs of suit;

M.   Reasonable attorney's fees; and

N.   Such other relief as the Court deems just and proper.

//
//
//
//
//
//
//

A-31

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004, hereby demands a jury trial on all issues so triable.

Dated: June 16, 2010

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

By _____
DAVID SPIVAK
Attorneys for Plaintiff,
TAMARA EVANS

23

A-32

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
DAVID G. SPIVAK      SBN: 179684
The Spivak Law Firm      e-mail: david@spivaklaw.com
9454 Wilshire Blvd., Ste 303, Beverly Hills, CA 90212
TELEPHONE NO.: 310-499-4730      FAX NO.: 310-499-4739
ATTORNEY FOR *(Name):* Tamara Evans

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: TAMARA EVANS vs. EQUINOX HOLDINGS, INC., a Delaware
corporation, THE EQUINOX GROUP, INC., a New York corporation, EQUINOX FITNE

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 1 8 2010

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | BC440058 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [X] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 16, 2010

DAVID G. SPIVAK
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   ProDoc®

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

A-33

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

A-34

| SHORT TITLE: Evans vs. Equinox | CASE NUMBER BC440058 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15 ___ ☐ HOURS/ ☒ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check _one_ Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

A-35

| SHORT TITLE: Evans vs. Equinox | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** Breach of Contract/ Warranty (06) (not Insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Judicial Review   Unlawful Detainer** Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0  
Page 2 of 4

A-36

| SHORT TITLE: Evans vs. Equinox | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 8.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)    **CIVIL CASE COVER SHEET ADDENDUM**    LASC, rule 2.0
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 3 of 4

*A-37*

| SHORT TITLE: Evans vs. Equinox | CASE NUMBER |
|---|---|
| | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS:<br>21530 Oxnard Street |
|---|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY:<br>Woodland Hills | STATE: CA · ZIP CODE: 91367 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _County_____ courthouse in the _Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 16, 2010_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

A-38

# EXHIBIT B

DAVID G. SPIVAK, State Bar # 179684
THE SPIVAK LAW FIRM
9454 Wilshire Blvd.
Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730
Facsimile (310) 499-4739
david@spivaklaw.com

Attorneys for Plaintiff,
TAMARA EVANS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| TAMARA EVANS, on behalf of herself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>    *Plaintiffs,*<br><br>    vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; THE EQUINOX GROUP, INC., a New York Corporation; EQUINOX FITNESS CENTURY CITY, INC., a California corporation; EQUINOX FITNESS NEWPORT BEACH, INC., a California corporation; EQUINOX FITNESS PALO ALTO, INC., a California corporation; EQUINOX FITNESS PALOS VERDES, INC., a California corporation; EQUINOX FITNESS PASADENA, INC., a California corporation; EQUINOX FITNESS SAN MATEO, INC., a California corporation; EQUINOX FITNESS SANTA MONICA, INC., a California corporation; and (ADDITIONAL DEFENDANTS ON FOLLOWING PAGE)<br><br>    *Defendants.* | Case No. BC440058<br><br>**NOTICE OF ORDER TO SHOW CAUSE HEARING AND CASE MANAGEMENT CONFERENCE**<br><br><br>Action filed:    06/18/2010<br>CMC:          10/21/2010, 8:30 a.m.<br>FSC:           Not scheduled<br>Trial:           Not scheduled<br>Dept:          57, Hon. Ralph W. Dau |

1

B-39

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT the Court has scheduled the Case Management Conference for October 21, 2010, at 8:30 a.m. in Dept. 57 at 111 N. Hill Street, Los Angeles, California 90012. See attached court notice.

NOTICE IS ALSO HEREBY GIVEN THAT the Court scheduled an Order to Show Cause hearing for September 16, 2010, at 8:30 a.m., in Dept. 57 at 111 N. Hill Street, Los Angeles, California 90012 regarding the failure to file proof of service of summons and complaint. See attached court notice.

Respectfully submitted,

THE SPIVAK LAW FIRM

Date:    July 16, 2010                     By:

DAVID G. SPIVAK, Attorney for
Plaintiffs, TAMARA EVANS, on behalf
of herself, all others similarly situated, and
the aggrieved employees under the Labor
Code Private Attorneys General Act of
2004

2

*Evans v. Equinox Holdings, Inc., et al.*                              Notice of OSC and CMC

B-40

NOTICE SENT TO:

Spivak, David G.
The Spivak Law Firm
9454 Wilshire Blvd., Suite 303
Beverly Hills       CA   90212

● ORIGINAL FILED
FILE STAMP

JUL 13 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| TAMARA EVANS | Plaintiff(s), | BC440058 |
| VS. | | |
| EQUINOX HOLDINGS INC ET AL | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause hearing on September 16, 2010  at  8:30 am  in  Dept. 57  of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file:**
   Proof of Service of Petition/Summons and Complaint/Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [  ] this Department [ ✓ ] Clerk's Office, Room  102
at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated:  July 13, 2010

**RALPH W. DAU**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  July 13, 2010

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____ G. S. HIRONAKA _____ , Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

*B-41*

**ORIGINAL FILED**

NOTICE SENT TO:

Spivak, David G.
The Spivak Law Firm
9454 Wilshire Blvd., Suite 303
Beverly Hills      CA  90212

FILE STAMP

JUL 13 2010

**LOS ANGELES
SUPERIOR COURT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

TAMARA EVANS

Plaintiff(s),

VS.

EQUINOX HOLDINGS INC ET AL

Defendant(s).

CASE NUMBER

BC440058

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>October 21, 2010</u> at <u>8:30 am</u> in <u>Dept. 57</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>July 13, 2010</u>

**RALPH W. DAU**

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: <u>July 13, 2010</u>

John A. Clarke, Executive Officer/Clerk

**G. S. HIRONAKA**

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

B—42

**PROOF OF SERVICE**

State of California,
County of Los Angeles

    1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., Suite 303, Beverly Hills, California 90212.

    2.    I am familiar with the practice of The Spivak Law Firm, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

    On Thursday, July 29, 2010, I served the foregoing document described as **NOTICE OF ORDER TO SHOW CAUSE HEARING AND CASE MANAGEMENT CONFERENCE** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

> **Philline Parlan, Esq.**
> **Jackson Lewis**
> **725 S. Figueroa St., Ste. 2500**
> **Los Angeles, CA 90017**
> **ParlanP@jacksonlewis.com**

XXXX (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of The Spivak Law Firm, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212.

____ (BY PERSONAL SERVICE) My agent delivered such envelope by hand to the home/offices of the addressee.

    EXECUTED on Thursday, July 29, 2010, at Beverly Hills, California.

XXXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

BRECK OYAMA

B-43

**EXHIBIT C**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.                             SBN: 179684 <br> THE SPIVAK LAW FIRM <br> 9454 Wilshire Blvd, Suite 303 <br> Beverly Hills, CA 90212 <br> TELEPHONE NO.: 3104994730     FAX NO. *(Optional)*: 3104994739 <br> E-MAIL ADDRESS *(Optional)*: david@spivaklaw.com <br> ATTORNEY FOR *(Name)*: Tamara Evans | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: TAMARA EVANS

DEFENDANT/RESPONDENT: EQUINOX HOLDINGS, INC., a Delaware corporation, TH

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death <br>     ☐ Motor Vehicle  ☐ Other <br> ☐ Family Law   ☐ Eminent Domain <br> ☒ Other *(specify)* : EMPLOYMENT | BC440058 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name)*:                     on *(date)*:
      (4) ☐ Cross-complaint filed by *(name)*:                     on *(date)*:
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):** ONLY DEFENDANTS EQUINOX FITNESS STUDIO CITY, INC. AND EQUINOX FITNESS UNION STREET, INC.

2. *(Complete in all cases except family law cases.)*
     ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: July 29, 2010

David Spivak, Esq. . . . . . . . . . . . . . . . . . . . . . . .          ▶ [signature]
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross–Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross–Complainant

*(To be completed by clerk)*
4. ☐ Dismissal entered as requested on *(date)*:
5. ☐ Dismissal entered on *(date)*:                as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date)*:
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: _____            Clerk, by _____ , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-110 [Rev. July 1, 2009] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; <br> Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 <br> www.courtinfo.ca.gov <br> *proDoc* |

C-44

## PROOF OF SERVICE

State of California,
County of Los Angeles

1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., Suite 303, Beverly Hills, California 90212.

2.    I am familiar with the practice of The Spivak Law Firm, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

On Thursday, July 29, 2010, I served the foregoing document described as **REQUEST FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS EQUINOX FITNESS STUDIO CITY, INC. AND EQUINOX FITNESS UNION STREET, INC.** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

> **Philline Parlan, Esq.**
> **Jackson Lewis**
> **725 S. Figueroa St., Ste. 2500**
> **Los Angeles, CA 90017**
> **ParlanP@jacksonlewis.com**

<u>XXXX</u> (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of The Spivak Law Firm, 9454 Wilshire Boulevard, Suite 303, Beverly Hills, California 90212.

____(BY PERSONAL SERVICE) My agent delivered such envelope by hand to the home/offices of the addressee.

EXECUTED on Thursday, July 29, 2010, at Beverly Hills, California.

<u>XXXX</u> (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
BRECK OYAMA

C-45

**EXHIBIT D**

1 | Mia Farber (SBN 131467)
   Chad D. Bernard (SBN 194162)
2 | Philline Parlan (SBN 225270)
   JACKSON LEWIS LLP
3 | 725 South Figueroa Street, Suite 2500
   Los Angeles, California  90017-5408
4 | Telephone:  (213) 689-0404
   Facsimile:  (213) 689-0430
5 | farberm@jacksonlewis.com
   bernardc@jacksonlewis.com
6 | parlanp@jacksonlewis.com

7 | Attorneys for Defendants
   EQUINOX HOLDINGS, INC., THE EQUINOX
8 | GROUP, INC., EQUINOX FITNESS CENTURY
   CITY, INC., EQUINOX FITNESS NEWPORT
9 | BEACH, INC., EQUINOX FITNESS PALO ALTO,
   INC., EQUINOX FITNESS PALOS VERDES, INC.,
10 | (ADDITIONAL DEFENDANTS ON FOLLOWING
   PAGE)

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13 | TAMARA EVANS, on behalf of herself, all others)    **Case No.: BC 440 058**
14 | similarly situated, and the aggrieved employees )
   under the Labor Code Private Attorneys General )    [Assigned for all purposes to the
15 | Act of 2004,                           )    Honorable Emilie H. Elias, Dept. 324]
16 |          Plaintiffs,             )    **CLASS ACTION**
17 |      vs.                              )    **DEFENDANT EQUINOX HOLDINGS, INC.'s**
                                    )    **ANSWER TO PLAINTIFF TAMARA**
18 | EQUINOX HOLDINGS, INC., a Delaware      )    **EVANS' COMPLAINT**
   corporation; THE EQUINOX GROUP, INC., a    )
19 | New York Corporation; EQUINOX FITNESS    )
   CENTURY CITY, INC., a California corporation; )    Complaint filed:        June 18, 2010
20 | EQUINOX FITNESS NEWPORT BEACH, INC., )
   a California corporation; EQUINOX FITNESS )
21 | PALO ALTO, INC., a California corporation; )
   EQUINOX FITNESS PALOS VERDES, INC., a )
22 | California corporation; EQUINOX FITNESS )
   PASADENA, INC., a California corporation; )
23 | EQUINOX FITNESS SAN MATEO, INC., a )
   California corporation; EQUINOX FITNESS )
24 | SANTA MONICA, INC., a California )
   corporation; and )
25 | (ADDITIONAL DEFENDANTS ON )
   FOLLOWING PAGE) )
26 |            )
            Defendants.        )
27 |            )

28 |

*P-46*