E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5961-GHK (JCx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | *Tamara Evans, et al. v. Equinox Holdings, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)** Vacating Stay; Order to Show Cause

**I. Vacating Stay**

On August 10, 2010, Defendants removed this action from state court under the Class Action Fairness Act ("CAFA"). The Complaint asserts six class action claims related to Defendants' employment practices. On December 14, 2010, we stayed this action pending a ruling on Defendants' motion to transfer, which was then pending before the Panel on Multidistrict Litigation ("MDL"). The MDL has now denied the motion to transfer. Accordingly, the stay is **VACATED**.

**II.** *Colorado River* **Doctrine**

On January 20, 2011, we remanded a related case, *Gregory Wilkins v. Equinox Holdings, Inc., et al.* ("*Wilkins*"), CV10-8638, after concluding that we lacked subject matter jurisdiction. (CV10-8638, Dkt. No. 33). *Wilkins* is now pending in Los Angeles County Superior Court, which is the same court from which this action was removed.

Federal courts are authorized to dismiss or stay an action "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). "Under *Colorado River*, considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 855, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817).

We consider the following factors in determining whether to dismiss or stay proceedings under *Colorado River*: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; [] (4) the order in which the forums obtained jurisdiction; . . . (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5961-GHK (JCx) | Date | February 14, 2011 |
|---|---|---|---|
| Title | *Tamara Evans, et al. v. Equinox Holdings, Inc., et al.* | | |

Cir. 1989) (citations omitted). We should also attempt to discouraging forum-shopping. *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996).

The threshold issue in the *Colorado River* analysis is whether the state proceeding is in fact parallel to the federal action. "Exact parallelism . . . is not required. It is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989). "[T]he requirement of 'parallel' state court proceedings implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for all of the parties' claims." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.4 (9th Cir. 1994) (citation omitted). *Colorado River* can be applied to putative class actions. *See, e.g., De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638, at *1, 7 (N.D. Cal. Mar. 2, 2007).

Although we do not purport to rule on the applicability of *Colorado River* at this time, we note that many considerations would seem to support applying the doctrine in this case. We have compared the Complaint in the above-captioned action with the Complaint in *Wilkins*, and it appears that there is substantial parallelism. First, the relief sought overlaps considerably, as both Complaints arise from Defendants' employment practices, and assert claims related to Defendants' alleged failure to pay wages, provide meal periods, provide accurate written wage statements, and timely pay all wages upon termination. Moreover, there is considerable similarity in the nature of the allegations regarding Defendants' policies and practices. Second, the Parties are virtually identical. Each of the Defendants here is also a defendant in *Wilkins*. The proposed class and subclass definitions in the two actions appear to encompass a very similar group of employees. The class period in this action begins running only four months sooner than does the class period in *Wilkins*. In sum, it appears that the two actions are substantially similar.

Additionally, many of the factors seem to support dismissing or staying the action. In particular, concerns of judicial economy suggest that it is wasteful and duplicative to have two different courts litigating virtually identical cases. Also, all claims, in both actions, rest on state law, and both actions were originally filed in state court.

**III. Order**

Accordingly, all Parties are **ORDERED TO SHOW CAUSE within fourteen (14) days hereof** why this matter should not be stayed or dismissed under *Colorado River*. Failure to timely and adequately show cause as required herein shall be deemed the non-responding Party's admission that this matter should be stayed or dismissed under *Colorado River*. In that event, we may stay or dismiss the case.

**IT IS SO ORDERED.**

| | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |